UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

GISELA VIDAL,

       Plaintiff,

v.

FAMILY OFFICE, LP, a Florida limited partnership, VINCENT CHHABRA, individually and SUSHMA CHHABRA, individually, KEY LEGAL SERVICES, LLC, a Florida limited liability company, and MITCHELL HAMMER, individually

       Defendants.
_____/

## **COMPLAINT**

      COMES NOW, Plaintiff, GISELA VIDAL, by and through her undersigned counsel, and sues the Defendants, FAMILY OFFICE, LP, a Florida limited partnership (hereinafter, "FAMILY OFFICE"), KEY LEGAL SERVICES, LLC, a Florida limited liability company (hereinafter, "KEY LEGAL"), VINCENT CHHABRA, individually, SUSHMA CHHABRA, individually and MITCHELL HAMMER, individually, (hereinafter, collectively referred to as "Defendants") and alleges as follows:

      1.     That Plaintiff, a former employee of the Defendants, brings this action to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq.

      2.     The gravamen of this case is that the Plaintiff was a non-exempt, employee, employed by the Defendants, whom willfully refused to (1) compensate the Plaintiff for all work performed in

direct contravention of the law; and (2) compensate the Plaintiff for time and one half for each hour worked in excess of forty (40) hours per work week, as well as even the basic minimum wage for such work, under Federal law.

3. That jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

4. That the unlawful employment practices alleged below occurred and/or were committed within this judicial district.

5. That at all times material hereto, Plaintiff was and is presently a resident of this judicial district, *sui juris* and otherwise within the jurisdiction of this Court.

6. That at all times material hereto, Defendants were the employers of the Plaintiff, were conducting business in this judicial district and were 'employers' under the FLSA.

7. That at all times material hereto, Defendant, VINCENT CHHABRA, individually, acted directly in the interests of his employer, the Defendant, FAMILY OFFICE, in relation to the Plaintiff, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein and was responsible for the pay practices on behalf of the Defendant, FAMILY OFFICE, and is otherwise an 'employer' under the FLSA.

8. That at all times material hereto, Defendant, SUSHMA CHHABRA, individually, acted directly in the interests of his employer, the Defendant, FAMILY OFFICE, in relation to the Plaintiff, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein and was responsible for the pay practices on behalf of the Defendant\s, FAMILY OFFICE, and is otherwise an 'employer' under the FLSA.

9. That at all times material hereto, Defendant, MITCHELL HAMMER, individually, acted directly in the interests of his employer, the Defendant, KEY LEGAL SERVICES, LLC, in relation to the Plaintiff, and this individual Defendant exercised the requisite legal control and

otherwise administered the illegal acts as described herein and was responsible for the pay practices on behalf of the Defendant, KEY LEGAL SERVICES, LLC, and is otherwise an 'employer' under the FLSA.

10. That at all times material hereto, Defendant, FAMILY OFFICE, was and continues to be an 'enterprise engaged in commerce' within the meaning of the FLSA or in the production of goods for commerce under the FLSA, with an annual gross volume of sales or business in excess of $500,000, exclusive of excise taxes.

11. That at all times material hereto, Defendant, KEY LEGAL, was and continues to be an 'enterprise engaged in commerce' within the meaning of the FLSA or in the production of goods for commerce under the FLSA, with an annual gross volume of sales or business in excess of $500,000, exclusive of excise taxes.

12. That at all times material hereto, Plaintiff was an 'employee and 'engaged in commerce' within the meaning of the FLSA including the operation of interstate phone calls and goods that moved interstate commerce.

13. That on or about November 21, 2015, the Plaintiff, GISELA VIDAL, was hired as a non-exempt employee by the Defendants continuously through on or about the month of November 2016.

14. During her employment, the Plaintiff was a case manager for the Defendants and the Plaintiff worked in excess of forty (40) hours per work week.

15. The Plaintiff, as a case manager, did not engage in any exempt duties, and therefore, was not exempt under the FLSA, and was not paid a salary at any time or overtime.

16. Plaintiff started her employment with Excelium Management, LLC (hereinafter, "EXCELIUM"). EXCELIUM was then purchased by Defendant KEY LEGAL whereupon Plaintiff

remained in this same case manager position with the same duties, while being paid in the same illegal manner.

17. Specifically, the Defendants required the Plaintiff to work in excess of forty (40) hours per week, and willfully refused to compensate the Plaintiff for time and one half for each hour worked in excess of forty (40) hours per work week, as well as pay the requisite minimum wage for every non overtime hour worked.

18. Defendant KEY LEGAL was also aware of how the Plaintiff was paid, and others, and the violations of the FLSA, and the purchase of EXCELIUM was simply a *defacto* merger and continuation of the business of EXCELIUM.

19. That all records concerning the number of hours actually worked by Plaintiff are in the exclusive possession and sole custody and control of the Defendants, and therefore, Plaintiff is unable to state at this time the exact amount due.

20. That Plaintiff will exert their collective diligent efforts to obtain such information by appropriate discovery proceedings, to be taken promptly in this case, and if required, an amendment to this Complaint will be submitted to set forth an amount due by the Plaintiff.

## COUNT I
## FLSA –FAMILY OFFICE

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 21 of this Complaint.

21. That Plaintiff is entitled to minimum wage for hours worked as well as time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

22. That by reason of the intentional, willful and unlawful acts of the Defendant, FAMILY OFFICE, in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, GISELA VIDAL, demands judgment against the Defendant, FAMILY OFFICE, LP, for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT II
## FLSA –KEY LEGAL

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 21 of this Complaint.

23.   That Plaintiff is entitled to minimum wage for hours worked as well as time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

24.   That by reason of the intentional, willful and unlawful acts of the Defendant, KEY LEGAL SERVICES, LLC, in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, GISELA VIDAL, demands judgment against the Defendant, KEY LEGAL SERVICES, LLC, for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper

## COUNT III
## FLSA –VINCENT CHHABRA

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 21 of this Complaint.

25.   That Plaintiff is entitled to minimum wage for hours worked as well as time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

26.   That by reason of the intentional, willful and unlawful acts of the Defendant, VINCENT CHHABRA, in violation of the FLSA, Plaintiff has suffered damages.

WHEREFORE, Plaintiff, GISELA VIDAL, demands judgment against the Defendant, VINCENT CHHABRA, individually, for all damages and relief under the FLSA, including

liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT IV
## FLSA –SUSHMA CHHABRA

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 21 of this Complaint.

27. That Plaintiff is entitled to minimum wage for hours worked as well as time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

28. That by reason of the intentional, willful and unlawful acts of the Defendant, SUSHMAN CHHABRA, in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, GISELA VIDAL, demands judgment against the Defendant, SUSHMA CHHABRA, individually, for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT V
## FLSA –MITHCELL HAMMER

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 21 of this Complaint.

29. That Plaintiff is entitled to minimum wage for hours worked as well as time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

30. That by reason of the intentional, willful and unlawful acts of the Defendant, MITCHELL HAMMER, in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, GISELA VIDAL, demands judgment against the Defendant, MITCHELL HAMMER, individually, for all damages and relief under the FLSA, including

liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury.

Dated:  April 11, 2017

Respectfully submitted,

**WHITELOCK & ASSOCIATES, P.A.**
300 Southeast Thirteenth Street
Fort Lauderdale, Florida  33316
Tel: (954) 463-2001 Fax: (954) 463-0410
Email: cjw@whitelocklegal.com;
davidfrank@whitelocklegal.com
Counsel for Plaintiff

*/s/ Christopher J. Whitelock*
CHRISTOPHER J. WHITELOCK
Florida Bar No.: 0067539
DAVID FRANK
Florida Bar No.: 93906